STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYRN 4315163)
Chief, Civil Division
JAMES A. SCHARF (CABN 152171)
Assistant United States Attorney

   U.S. Attorney's Office/Civil Division
   150 Almaden Blvd., Ste. 900
   San Jose, California 95113
   Telephone: (415) 912-6370
   FAX: (408)535-5081
   James.scharf@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOUGLAS VERN HULSTEDT,<br><br>    Plaintiff,<br><br>  v.<br><br>THOMAS OSTLY, et al.,<br><br>    Defendants. | CASE NO. 3:22-cv-07439-TSH<br><br>**DEFENDANT USA'S MOTION TO DISMISS**<br><br>Date: January 19, 2023<br>Time: 10:00 a.m.<br>Place: via Zoom<br>Magistrate Judge: Thomas S. Hixson |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE THAT on Thursday, January 19, 2023, at 10:00 a.m., or soon thereafter as the matter may be heard, via Zoom, before the Honorable Thomas S. Hixson, Defendant United States of America will move this Court to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1), and 12(b)(6). This motion is based on this Notice, the attached Memorandum of Points and Authorities, the pleadings, records, and files in this action and in related actions, and such oral argument and additional evidence as the Court may permit. Defendant

respectfully suggests that this matter may be determined without oral argument, pursuant to Civil Local Rule 7-1(b).

Pursuant to Civil Local Rule 7-3, Plaintiff's opposition must be filed no later than 14 days after service of this motion.

**RELIEF SOUGHT**

The United States seeks an order dismissing Plaintiff's Complaint against the United States for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), failure to state a claim upon which relief maybe granted pursuant to Federal Rule of Civil Procedure 12(b)(6), and failure to provide a short and plain statement of the claim showing that Plaintiff is entitled to relief, as required by Federal Rule of Civil Procedure 8(a)(2).

**ISSUES TO BE DECIDED**

Whether Plaintiff's Complaint is barred by sovereign immunity.

Whether Plaintiff's Complaint, which is devoid of any factual allegations against the federal government and fails to identify any plausible claim against the federal government, should be dismissed.

Whether Plaintiff's Complaint should also be dismissed for failure to exhaust because it does not allege or otherwise present evidence that, prior to commencing his lawsuit, Plaintiff presented an administrative claim under the Federal Tort Claims Act to an agency of the federal government that was denied or pended six months without a final denial.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

On October 4, 2022, Plaintiff Douglas Vern Hulstedt ("Plaintiff") filed a form complaint in the Civil Small Claims Division of the Alameda County Superior Court.  Plaintiff named as Defendants Thomas Ostly, an attorney apparently involved in Plaintiff's disciplinary proceedings before the Medical Board of California, the "State of California as Guarantor," and the "United States as Guarantor."  On October 31, 2022, Plaintiff also filed a federal action in the United States District Court for the Northern District of California against the Medical Board of California, Department of Consumer Affairs, State of

DEFENDANT USA'S MOTION TO DISMISS
CASE NO. 3:22-CV-07439-TSH
2

California, and California Attorney General Rob Bonta but did not name any federal defendants. *See Hulstedt v. Med. Bd. of Cal.*, No. 4:22-cv-06688-HSG (N.D. Cal. filed Oct. 31, 2022).

The United States removed the state-court action to federal court on November 23, 2022. The Complaint is bereft of any factual allegations against the United States, including any description of the nature of the claim against the United States or the injury or damage the United States allegedly caused. Plaintiff does not identify any cause of action, and the Complaint lacks sufficient (or any) facts to demonstrate a cognizable legal theory against the United States.

Moreover, to the extent that Plaintiff is attempting to allege a personal injury action against the United States (despite the lack of factual allegations that would support such a claim), Plaintiff's Complaint does not sufficiently allege that Plaintiff complied with the necessary precursors to bring a tort claim against the federal government. While in his Complaint Plaintiff checks a box that he filed a written claim with a public entity on September 26, 2022, he does not allege that any such claim was submitted to an agency of the federal government, does not attach said claim indicating as much, and does not allege or present any evidence that this claim was denied by the notified federal agency or was pending for six months prior to his filing this lawsuit. Even assuming Plaintiff presented a written claim to a federal agency (which is far from clear from the face of the Complaint), he initiated this state court lawsuit only one week after filing the supposed claim, failing to comply with the six months he is required to have waited before commencing an action in tort against the United States.

Accordingly, the government respectfully requests that the Court dismiss the Complaint because it is barred by sovereign immunity, fails to state a claim, and fails to allege compliance with the administrative exhaustion requirement of the Federal Tort Claims Act.

## II.     FACTUAL BACKGROUND

On October 4, 2022, Plaintiff filed a Form SC-100 "Plaintiff's Claim and ORDER to Go to Small Claims Court" (hereinafter "Complaint") in the Civil Small Claims Division of the Alameda County Superior Court. Compl. at 3. Under Item 2 of the Complaint, Plaintiff names Mr. Ostly as a defendant, then checks the box that his case also is against another defendant, requiring him to attach a Form SC-100A. *Id.* at 4. In this latter form, which Plaintiff attaches, he lists the "[o]ther defendant's

name[s]" as "United States as Guarantor" and "State of California as Guarantor" and lists respective addresses of 950 Pennsylvania Ave., N.W., Washington, DC 20530 and 1300 I Street, Sacramento, CA 95814. *Id.* at 5-6. He then names United States Attorney General Merrick Garland and California Attorney General Rob Bonta as "the person[s] or agent[s] authorized for service of process." *Id.*

Plaintiff alleges $10,000 as the amount owed to him and explains why he feels he is owed that money:

> "Agreements after being given due process defendant Thomas Ostly refused to abide by his Oath of Office by not providing due process concerning [Plaintiff's] interest in case no. 800-2021-079497 attached herein, this claim is entered for judgement in favor of plaintiff as Thomas Ostly has agreed, order for claim for 10,000.00."

*Id.* at 4. According to the Complaint, that case no. 800-2021-079497 was an action against Plaintiff before the Medical Board of California. *Id.* Attach. 3. Plaintiff does not include any detail about the action but appears to allege that Ostly, who apparently is or was an attorney in that case, failed to provide due process "for the claims made against [Plaintiff's] beneficial interests." *Id.* Plaintiff further asserts that his claim against Ostly happened "August 1, 2022 [t]hrough Current." *Id.* at 7.

Under Item 3, Plaintiff states that he calculated the money allegedly owed to him as $10,000 because it is the "[m]aximum amount in Civil Small Claims." *Id.* Although Plaintiff provides no further detail under Item 3, Plaintiff attaches an invoice for $10,000 for "deceptive practice and procedures 15 USC § 45." *Id.* Attach. Invoice.

Despite Plaintiff's reference to 15 U.S.C. § 45, which prohibits unfair competition in the context of commerce, Plaintiff's Complaint instead appears to relate in some way to due process or possession of property. He alleges only that Ostly "[did] not provid[e] due process concerning [his] interest in" his case before the Medical Board and offers no further details. *Id.* at 4. Additionally, under Item 4, Plaintiff checks the box "yes" in response to a question asking whether he had asked "the defendant (in person, writing or by phone) to pay [him]" before suing. *Id.* at 7. For support, Plaintiff states "See proof by Attachment," appearing to refer to the invoice for $10,000. *Id.* at 7, Attach. Invoice.

Under Item 8 of the Complaint, Plaintiff checks the box "yes" to indicate that he is suing a public entity. *Id.* at 7. But while he names the "United States as Guarantor" as a defendant in his attached SC-

DEFENDANT USA'S MOTION TO DISMISS
CASE NO. 3:22-CV-07439-TSH

4

1  100A form, he provides no specific details concerning the United States, including what injury the
2  United States caused, how the United States caused that injury, or how any conduct by the United States
3  factored into his damages calculation.  *See generally id.*  Plaintiff does not allege that Defendant Ostly,
4  who is represented by a California Department of Justice attorney in this action, is a federal employee.

5   Although the allegations of wrongdoing by the United States are not fleshed out, Plaintiff's
6  Complaint appears to sound in tort because he suggests that he was injured by reason of Defendant
7  Ostly's alleged wrongful conduct and the United States being a "Guarantor."  Under Item 8, Plaintiff
8  asserts that he filed a claim with a public entity on September 26, 2022.  *Id.* at 7.  However, Plaintiff
9  does not attach a copy of this alleged claim, does not specify whether this claim was submitted to an
10 agency of the federal government, and does not allege or present any evidence that this claim was denied
11 by the federal government prior to filing his lawsuit, which he filed just one week after his alleged
12 written claim.

13  On November 23, 2022, the United States removed Plaintiff's Complaint to this Court.

**III.   LEGAL STANDARDS**

**A.   Dismissal Under Rule 12(b)(1)**

Dismissal under Federal Rule of Civil Procedure 12(b)(1) is required where the court lacks subject matter jurisdiction.  "Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  Federal courts "presume[] that a cause lies outside this limited jurisdiction," and the party asserting jurisdiction bears the burden of establishing that jurisdiction exists.  *Id.*  Accordingly, courts must consider the issue of subject matter jurisdiction as a threshold matter before addressing the merits of a case.  *Steel Co. v. Citizens for a Better Env't*, 523 US 83, 94 (1998).  Defects in subject matter jurisdiction may be raised at any time by the parties or by the court on its own motion and are never waived.  *Cripps v. Life Ins. Co. of N. Am.*, 980 F. 2d 1261, 1264 (9th Cir. 1992).  Where the plaintiff cannot cure a jurisdictional defect by amendment, the court may dismiss the complaint without leave to amend.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

**B.      Dismissal Under Rule 12(b)(6)**

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead facts sufficient to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" only if the complaint pleads facts sufficient to allow "the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While the Court must treat all factual allegations as true for purposes of a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

In light of *Twombly* and *Iqbal*, the Ninth Circuit has articulated a two-part test that a plaintiff must pass to survive a motion to dismiss.

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

*Pro se* pleadings should be held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Therefore, courts should construe *pro se* pleadings liberally.  *Balistreri*, 901 F.2d at 699.  There are limits, however, to the liberal interpretation of a *pro se* complaint.  A court should not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  A court may not supply essential elements of a claim that are not included in the complaint.  *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).  Even before the *Twombly* and *Iqbal* decisions, "[v]ague and conclusory allegations of official participation in civil rights violations [were] not sufficient to withstand a motion to dismiss." *Id.*  In sum, although a court should construe *pro se* pleadings liberally,

DEFENDANT USA'S MOTION TO DISMISS
CASE NO. 3:22-CV-07439-TSH

a *pro se* plaintiff nevertheless must plead facts that are sufficient to state a plausible claim for relief. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

### C. Dismissal Under Rule 8(a)

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). A complaint that does not comply with Rule 8(a) is subject to dismissal. *See Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981); *Gottschalk v. City & Cnty. of San Francisco*, 964 F. Supp. 2d 1147, 1160 (N.D. Cal. 2013). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit"; its requirements "appl[y] to good claims as well as bad, and [are] a basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

While *pro se* pleadings are construed liberally, a *pro se* plaintiff nevertheless must plead facts that are sufficient to state a plausible claim for relief and must satisfy the pleading requirements of Rule 8(a). *Woolery v. Smith*, No. 17-cv-06786-SK, 2018 WL 3328496, at *2 (N.D. Cal. July 6, 2018); *Wingate v. USPS*, No. 12-cv-05560-LB, 2013 WL 3829272, at *8 (N.D. Cal. July 23, 2013).

## IV. ARGUMENT

### A. Plaintiff's Complaint is Barred by Sovereign Immunity.

The Court lacks jurisdiction over Plaintiff's claims because the United States is immune from suit in this case. Sovereign immunity is jurisdictional in nature and, absent a waiver, shields the United States and its agencies from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). A waiver of sovereign immunity must be "unequivocally expressed." *United States v. Idaho*, 508 U.S. 1, 6-7 (1993); *see also Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982). Additionally, "[a]ny waiver of sovereign immunity must be strictly construed in favor of the United States." *Ardestani v. INS*, 502 U.S. 129, 137 (1991). The party suing the United States "bears the burden of pointing to such an unequivocal waiver of immunity." *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983).

Plaintiff fails to allege an unequivocal waiver of immunity. Congress has not waived sovereign immunity for claims asserting the United States "as Guarantor." Although Plaintiff makes a passing reference to the Tucker Act in an attachment to his Complaint, "[t]he Tucker Act, of course, is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976); *see* Compl. Attach. Invoice ("Take Notice of 28 USC §§ 1346, 1491 and 'Tucker Act of 1887' as Sovereign Immunity Waiver"). The Tucker Act can only "operate to waive sovereign immunity for claims premised on other sources of law (*e.g.*, statutes or contracts)." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (citing *Testan*, 424 U.S. at 400; *Mitchell*, 445 U.S. at 538). Additionally, the other source of law "triggers liability only if it 'can fairly be interpreted as mandating compensation by the Federal Government.'" *Id.* (quoting *Testan*, 424 U.S. at 400) (internal quotation marks omitted). Plaintiff cites no other sources of law, much less a "money-mandating" one, to support his assertion that the United States owes him compensation. *See id.* Because Plaintiff fails to sufficiently allege a waiver of sovereign immunity, the Court should dismiss Plaintiff's Complaint.

### B. Plaintiff Fails to State Any Plausible Claim Against the United States.

Plaintiff's Complaint fails to identify any viable cause of action against the federal government and should consequently be dismissed. For a complaint to successfully state a claim against the federal government, "[P]laintiff must demonstrate a basis for federal subject matter jurisdiction and must allege sufficient facts from which to conclude that governmental immunity is not applicable to the instant action. In addition, [P]laintiff must allege separate causes of action, must state a constitutional or statutory basis for each cause of action, and must allege facts showing each defendant[']s wrongful acts alleged in each cause of action, as well as [P]laintiff's harm or injury." *Mann v. FBI*, No. 07-3506 PJH, 2007 WL 3101320, at *2 (N.D. Cal. Oct. 22, 2007).

Plaintiff's Complaint neither demonstrates a basis for federal jurisdiction nor alleges a plausible claim. Its only allegation against the government is that the United States is a "Guarantor." Compl. at 6. Plaintiff's Complaint is devoid of any factual allegations against the federal government, much less any allegations demonstrating a basis to impute liability to the government. Additionally, Plaintiff's use

of the word "Guarantor" is unclear.  To the extent that Plaintiff asserts that the United States is a guarantor in the financial context, Plaintiff does not allege the existence of any contract or loan obligation that the United States supposedly guaranteed to support his claim.  To the extent that Plaintiff contends that the United States guarantees him due process before a state medical board, Plaintiff fails to cite any provision of law as a basis for such a guarantee or any facts to support his claim.  In either context, this small claims dispute has no connection to the federal government; it is a dispute between Plaintiff and the California Medical Board.  The Complaint should consequently be dismissed.

### C. Plaintiff Has Not Exhausted His Administrative Remedies.

Although Plaintiff's Complaint contains no specific allegations against the United States, it apparently concerns personal injury with some connection to a property interest.  To the extent that Plaintiff alleges that the negligence or wrongful act of a federal employee harmed him or his property, such a suit must be brought under the Federal Tort Claims Act.  "The Federal Tort Claims Act (FTCA) is the exclusive jurisdictional basis for tort damage type lawsuits against the United States." *Wade v. United States*, No. C 06-2346 CRB, 2007 WL 840098, at *1 (N.D. Cal. Mar. 16, 2007); *see also United States v. Berk & Berk*, 767 F. Supp. 593, 601 (D.N.J. 1991) ("A claim for damages in tort must proceed under the FTCA."); *Ruderman v. Soc. Sec. Admin.*, No. C-94-0227 CAL, 1994 WL 184632, at *1 (N.D. Cal. Apr. 22, 1994) (The FTCA "is the exclusive remedy for tort claims against the federal government and its agencies.").

A prerequisite to maintaining a tort claim under the FTCA is that the "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675(a).  "The FTCA bars [plaintiffs] from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also Nguyen v. United States*, No. 20-CV-08755-NC, 2022 WL 822435, at *2 (N.D. Cal. Jan. 11, 2022) ("If a plaintiff does not exhaust administrative remedies, [the plaintiff's FTCA] suit is barred.").  Moreover, "[t]he burden is on the plaintiff to both plead and prove compliance with the statutory [administrative exhaustion] requirements." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987); *see also Roiger v. Veterans Affs. Health Care Sys.*, No. 18CV00591ECTTNL,

2019 WL 572655, at *3 (D. Minn. Feb. 12, 2019) ("An FTCA plaintiff bears the burden of pleading and proving complete exhaustion of administrative remedies[.]").

Plaintiff's Complaint here does not allege compliance with the administrative exhaustion requirements. While Plaintiff checks a box that he filed a written claim with a public entity, he does not attach said claim to confirm that he presented the claim to a federal agency. *See* Compl. at 7. Furthermore, Plaintiff does not allege or present any evidence that this claim was denied by a notified federal agency or was pending for six months prior to his filing this lawsuit. Accordingly, Plaintiff's Complaint must be dismissed for these reasons as well.

## V.   CONCLUSION

For all the reasons discussed above, the United States respectfully requests that the Court dismiss Plaintiff's Complaint. Plaintiff's Complaint is barred by sovereign immunity, and Plaintiff fails to state a plausible claim against the United States. Moreover, to the extent that Plaintiff's Complaint sounds in tort, Plaintiff fails to allege compliance with the administrative exhaustion requirement of the Federal Tort Claims Act.

DATED: November 30, 2022

    STEPHANIE M. HINDS
    United States Attorney

    */s/ James A. Scharf*
    JAMES A. SCHARF
    Assistant United States Attorney
    Attorneys for Defendant United
    States of America