1  ROB BONTA
   Attorney General of California
2  IVETA OVSEPYAN
   Supervising Deputy Attorney General
3  State Bar No. 279218
    300 South Spring Street, Suite 1702
4   Los Angeles, CA  90013-1230
    Telephone:  (213) 269-6606
5  Fax:  (916) 731-2120
    E-mail:  Iveta.Ovsepyan@doj.ca.gov
6  *Attorneys for State of California,*
   *Attorney General Rob Bonta, and Thomas Ostly*
7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

12 | **DOUGLAS VERN HULSTEDT,** | Case No. 3:22-cv-07439-TSH |
   |---|---|
   | Plaintiff, | **NOTICE OF MOTION AND MOTION OF DEFENDANTS STATE OF CALIFORNIA, ROB BONTA AND THOMAS OSTLY TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
   | v. | |
   | **THOMAS OSTLY, et al.,** | |
   | Defendants. | **[Filed Concurrently with Request for Judicial Notice]** |
   | | Date:           January 19, 2023 |
   | | Time:           10:00 a.m. |
   | | Courtroom:  G, 15th Floor [Via Zoom] |
   | | Judge:          Magistrate Judge Thomas S. Hixson |
   | | Trial Date:    Not Set |
   | | Action Removed:    November 23, 2022 |

22  TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

23       PLEASE TAKE NOTICE THAT on January 19, 2023, at 10:00 a. m., via Zoom, before the

24  Honorable Magistrate Judge Thomas S. Hixson in Courtroom G of the United States Courthouse,

25  located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendants State of

26  California, Attorney General Rob Bonta, and Deputy Attorney General Thomas Ostly (hereinafter

27  collectively State of California Defendants) will, and hereby do, move this Court for an order

28  dismissing Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

The State of California Defendants respectfully request that the Court exercise pendent jurisdiction over the motion to dismiss because the federal and non-federal claims in Plaintiff's complaint arise from a "common nucleus of operative fact" such that a plaintiff "would ordinarily be expected to try them in one judicial proceeding." *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966). In fact, the claims are identical, and plaintiff has named all parties, including the State of California Defendants and the United States of America, in his identical claim against them all.

This motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, the concurrently-filed Request for Judicial Notice, the pleadings on file and to be filed in this case, and such oral argument and additional evidence as the Court may permit. State of California Defendants respectfully request that this matter be determined without oral argument, pursuant to Civil Local Rule 7-1(b).

Pursuant to Civil Local Rule 7-3, any opposition or statement of non-opposition of Plaintiff must be served and filed not more than fourteen days after the filing of this motion.

**RELIEF REQUESTED**

The State of California Defendants respectfully request an order dismissing Plaintiff's Complaint against the State of California Defendants for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, the State of California Defendants request dismissal on the following grounds:

1. Plaintiff failed to comply with the California Government Claims Act (Cal. Gov. Code §§ 810-996.6), a condition precedent to maintaining suit against the State of California Defendants, as Plaintiff did not present a comprehensible claim putting the State of California Defendants on notice as to his claims or any basis for relief, nor did Plaintiff plead rejection of the claim by the State of California.

2. Plaintiff's claims are barred by the doctrine of claim preclusion, as Plaintiff previously litigated an identical matter against the State of California Defendants and Deputy Attorney General Ostly's predecessors in the matter of *Hulstedt v. State of California, et al.*, Superior Court of California, County of Monterey, case number 22CV001522. The Superior

Court of California for the County of Monterey entered an order on September 30, 2022, granting the State of California Defendants' special motion to strike as the lawsuit arose out of protected activity in the course of their investigation of a complaint against Plaintiff's medical license.

3. Plaintiff fails to allege a statutory basis for liability against the State of California Defendants. Any liability against the State of California Defendants must be pursuant to statute. Cal. Gov. Code, §815, subd. (a).

4. The State of California Defendants are immune from liability under California Government Code sections 821.6 and 820.2, as their challenged conduct is protected under prosecutorial immunity and discretionary immunity. Since Attorney General Bonta and Deputy Attorney General Ostly are immune, so, too, is the State of California. Cal. Gov. Code, §815.2.

Dated: November 30, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California

/s/ Iveta Ovsepyan

IVETA OVSEPYAN
Supervising Deputy Attorney General
*Attorneys for Defendants State of California, Attorney General Rob Bonta, and Thomas Ostly*

# MEMORANDUM OF POINTS AND AUTHORITIES

# INTRODUCTION AND FACTUAL BACKGROUND

The Medical Board of California is a regulatory agency of the State of California, charged by statute with investigating complaints made by the public against physicians for unprofessional conduct. Cal. Bus. & Prof. Code, § 2220, subd. (a).

This action arises out of Plaintiff's disagreement over the State of California Defendants' investigation into a complaint involving his medical license. In 2015 and 2017, Plaintiff, who is a licensed medical doctor in the State of California, issued vaccination exemptions for a minor patient at the request of the patient's father. Request for Judicial Notice (RJN) Ex. 1, Accusation, ¶¶ 10-13. Thereafter, pursuant to a custody order in the divorce proceedings of the patient's parents, the patient's mother authorized the minor patient to be vaccinated for school. *Id.* at ¶¶ 15-19. The patient's father disagreed with the mother's decision to vaccinate the minor patient and before the minor patient could be vaccinated, the father murdered the minor patient and then committed suicide. *Id.* at ¶ 19.

After the decedent's mother filed a complaint against Plaintiff with the Medical Board, the Medical Board served Plaintiff with an Investigational Subpoena seeking medical records of the decedent. *Id.* at ¶¶. 20-22. Plaintiff refused to comply with this subpoena, which prompted Attorney General Bonta and Deputy Attorneys General Simon and Mercer to file Petition No. CPF-22-517660 in the County of San Francisco Superior Court for an Order to Show Cause and Compel Plaintiff's Compliance with an Investigational Subpoena on January 12, 2022. RJN Exh. 2.

On June 2, 2022, Plaintiff filed an unlimited civil case against the State of California Defendants and the director, members and investigators of the Medical Board in the Superior Court of California for the County of Monterey, entitled *Hulstedt v. State of California, et al.*, case number 22CV001522. At the time, Deputy Attorneys General Simon and Mercer were assigned to represent the Medical Board in the action. Since then, both have retired, and Deputy Attorney General Thomas Ostly has taken over the prosecution of the disciplinary proceeding. The defendants in that case filed a special motion to strike pursuant to California Code of Civil

1  Procedure section 425.16, arguing that the lawsuit arose from protected activity; specifically, that
2  their actions were made in the course of, and in connection with, an official proceeding
3  authorized by law (the Medical Board investigation and potential administrative hearing on
4  licensure discipline). The Superior Court granted the motion to strike on September 30, 2022, and
5  ordered the matter dismissed. RJN Ex. 3. Plaintiff then filed this case in the Superior Court of
6  California, for the County of Alameda on October 4, 2022.

7  As set forth below, Plaintiff's Complaint is subject to dismissal because Plaintiff failed to
8  comply with the California Government Claims Act, Plaintiff's claims are barred by the doctrine
9  of claim preclusion, Plaintiff fails to allege a statutory basis for liability against the State of
10 California Defendants, and the State of California Defendants are immune from liability.
11 Accordingly, the State of California Defendants respectfully request that the Court grant their
12 motion and dismiss this action with prejudice.

## JURISDICTION

The State of California Defendants respectfully request that the Court exercise pendent jurisdiction over the State of California Defendants' motion to dismiss because the federal and non-federal claims in Plaintiff's complaint arise from a "common nucleus of operative fact" such that a plaintiff "would ordinarily be expected to try them in one judicial proceeding." *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966). Plaintiff has in fact named all parties, including the State of California Defendants and the United States of America, in his identical claim against them all.

## STANDARD ON MOTION TO DISMISS

Under Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). If a complaint fails to adequately state a claim for relief, the defendant may move to dismiss the claim. Fed. R. Civ. P. 12(b)(6).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Dismissal under Rule 12(b)(6) is proper when a complaint "either: (1) lacks a

cognizable legal theory, or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Review is generally limited to the contents of the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). However, the court may consider documents incorporated by reference in the complaint and matters of judicial notice without converting a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

The court "must construe the complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true." *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). However, the court is not required to accept as true allegations that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Moreover, the court also should not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell*, 266 F.3d at 988. On a motion to dismiss, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allen*, 478 U.S. 265, 286 (1986)); *see also Ileto*, 349 F.3d at 1200 ("[W]e do not . . . assume the truth of legal conclusions cast in the form of factual allegations.").

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The allegations in the complaint "must be enough to raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 555. A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Rather, a plaintiff's allegations must nudge the claims in the complaint "across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 570. Thus, "[w]here a complaint pleads facts that are 'merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Somers*, 729 F.3d at 959 (quoting *Iqbal*, 556 U.S. at 678).

The Court has pendent jurisdiction over the State of California Defendants' motion to dismiss because the federal and non-federal claims in Plaintiff's complaint arise from a "common nucleus of operative fact" such that a plaintiff "would ordinarily be expected to try them in one judicial proceeding." *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966). Plaintiff has in fact named all parties, including the State of California Defendants and the United States of America, in his identical claim against them all.

**ARGUMENT**

**I.  THE COMPLAINT IS SUBJECT TO DISMISSAL BECAUSE PLAINTIFF FAILED TO COMPLY WITH THE GOVERNMENT CLAIMS ACT.**

As a condition precedent to suit against a public entity or public employee for money or damages, the California Government Claims Act (Cal. Gov. Code §§ 810-996.6) requires the timely presentation of a written claim to the Victim Compensation and Government Claims Board, now known as the Government Claims Program, and its rejection. Cal. Gov. Code §§ 905, 905.2, 945.4, 950.2. Personal injury claimants must file with the board not later than six months after the accrual of the cause of action; all other claims must be filed not later than one year after the accrual of the cause of action. Cal. Gov. Code § 911.2.

No suit may be brought until a written claim has been presented to, and rejected by, that board. Cal. Gov. Code §§ 945.4, 950.6; *see also State v. Super. Ct. (Bodde),* 32 Cal. 4th 1234, 1245 (2004) (declaring that the submission of a claim to a public entity is a condition precedent to a tort action and failure to present the claim bars the action); *Munoz v. State of California,* 33 Cal. App. 4th 1767, 1777 (1995) ("Under Government Code section 945.4, presentation of a timely claim is a condition precedent to the commencement of suit against the public entity."). "It is well-settled that claims statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim." *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 738 (2007).

This claims presentation requirement applies not just to lawsuits against public entities but also against their public employees. The Government Claims Act requires that "one who sues a public employee on the basis of acts or omissions in the scope of the defendant's employment

have filed a claim against the *public-entity employer* pursuant to the procedure for claims against public entities." *Briggs v. Lawrence*, 230 Cal. App. 3d 605, 613 (1991) (emphasis in original); Cal. Gov't Code, §§ 950, 950.2, 950.6(a); *see also Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988) (dismissing state law tort claims against individual and public entity defendants for failure to file a government claim); *Dennis v. Thurman*, 959 F. Supp. 1253, 1264 (C.D. Cal. 1997) ("When defendants are public employees, the plaintiff must first submit a claim to the public entity that employs them before filing a lawsuit seeking monetary damages for violations of California law."); *Neal v. Gatlin*, 35 Cal. App. 3d 871, 875-78 (1973) (holding that failure to allege filing of claim with employing public entity was fatal to the complaint).

Here, Plaintiff filed a claim with the Government Claims Program on or about June 22, 2022. RJN Ex. 4. However, Plaintiff's claim does not set forth any information or facts that would put the State of California Defendants on notice of what his claims against them actually are, or why he would be entitled to relief. Instead, Plaintiff's entire claim refers to an attached "True Bill," which demands $10,500,000 for things such as his time and consultation with attorneys. Neither the claim nor the "True Bill" set forth a basis for liability against the State of California or any of its agents or employees. The claim does not mention Deputy Attorney General Ostly or otherwise do anything to apprise the State of California Defendants about the nature of his claim. The purpose of the claims requirement is to give the public entity timely notice of the nature of the claim so that it may investigate and settle those having merit without litigation. *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974). Such notice was not provided by Plaintiff's claim.  Thus, while Plaintiff's Complaint alleges Deputy Attorney General Ostly "refused to abide by his Oath of Office by not providing due process," Plaintiff claim makes no such allegation. The Complaint references case number 800-2021-079497, the Accusation before the Medical Board, while Plaintiff's government claim refers to the petition filed in the Superior Court to enforce the Medical Board's subpoena: two completely different matters. Moreover, Plaintiff has not alleged that the State acted upon or otherwise rejected his claim prior to filing suit, another requirement of the Government Claims Act.

/ / /

1      Additionally, and importantly, the claim references case number CPF 22-517660, filed in
2 the Superior Court of California for the County of San Francisco, or the State of California
3 Defendants' petition for an order to show cause to compel compliance with the Medical Board's
4 subpoena for medical records of the minor decedent patient. As set forth below and in Exhibit 3
5 to the State of California Defendants' Request for Judicial Notice, the Superior Court for the
6 County of Monterey found the bringing of this petition protected activity under California Code
7 of Civil Procedure section 425.16 and ordered Plaintiff's lawsuit dismissed on September 30,
8 2022 as a strategic lawsuit against public participation.

9  **II.   THE COMPLAINT IS BARRED BY THE DOCTRINE OF CLAIM PRECLUSION.**

10     Plaintiff's improper attempt to re-litigate this matter is also barred by the doctrine of claim
11 preclusion, as the Superior Court for the County of Monterey already issued an order on the
12 merits of Plaintiff's claim that the State of California Defendants' actions giving rise to this
13 litigation are protected activity under California Code of Civil Procedure Section 425.16.
14     Under the doctrine of claims preclusion, a final judgment on the merits in a prior suit
15 precludes the parties or their privies from relitigating the issues that were or could have been
16 raised in that action. *Manufactured Home Communities Inc. v. City of San Jose*, 420 F.3d 1022,
17 1031 (9th Cir. 2005); *see also White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012).
18 Claim preclusion bars not only all claims that were actually litigated, but also any claims that
19 could have been asserted in the prior suit. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d
20 708, 713 (9th Cir. 2001); *Int'l Union v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993). It applies
21 when an earlier suit: (1) involved the same 'claim' or cause of action, (2) reached a final
22 judgment on the merits, and (3) involved the same parties or privies. *Mpoyo v. Litton Electro-*
23 *Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). The most important factor is whether the two
24 suits arise from the same transactional nucleus of facts. *See Mpoyo*, 430 F.3d at 988; *Int'l Union*,
25 994 F.2d at 1429.
26     Plaintiff's claims against the State of California Defendants were litigated in the matter of
27 *Hulstedt v. State of California, et al.*, Superior Court of California, County of Monterey, case
28 number 22CV001522. In that case, Plaintiff brought suit against Attorney General Bonta, Deputy

Attorneys General Mercer and Simon, among others, arising out of their prosecution of the disciplinary matter against his license. The Superior Court found the State of California Defendants' actions protected under Code of Civil Procedure section 425.16 as they are privileged judicial proceedings and granted their special motion to strike, ordering the case dismissed. RJN Ex. 3, Order on Defendants' Special Motion to Strike. Attorney General Ostly is the successor to Deputy Attorneys General Mercer and Simon, taking over the prosecution of plaintiff's disciplinary matter when they retired. Plaintiff's current complaint is both an improper attempt to re-litigate that matter in a different venue, and yet another improper attempt to chill the valid exercise of protected activity.[1]

### III. THE COMPLAINT IS SUBJECT TO DISMISSAL BECAUSE PLAINTIFF FAILS TO ALLEGE A STATUTORY BASIS FOR LIABILITY AGAINST THE STATE OF CALIFORNIA DEFENDANTS.

Plaintiff's Complaint is also subject to dismissal because it fails to allege a statutory basis of liability against the State of California Defendants.

Government Code Section 815, subdivision (a), states, unless an exception is otherwise provided by statute, a "public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Under this section, "in the absence of some constitutional requirement, public entities may be liable only if a statute declares them to be liable." *Cochran v. Herzog Engraving Co.*, 155 Cal.App.3d 405, 409 (1984). Thus, in California "sovereign immunity is the rule" and "governmental liability is limited to exceptions specifically set forth by statute." *Ibid*. "Under the Government Claims Act (Gov. Code, § 810 et seq.), there is no common law tort liability for public entities in California; instead, such liability must be based on statute." *Guzman v. County of Monterey,* 46 Cal.4th 887, 897 (2009). Thus, "direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, and not on the general tort provisions of Civil Code section 1714. Otherwise, the general rule of immunity for public

///

---

[1] Investigations and administrative review proceedings authorized by law qualify as official proceedings under California Code of Civil Procedure Section 425.16. *Kibler v. Northern Inyo County Local Hospital Dist.,* 39 Cal.4th 192, 199-204 (2006).

entities would be largely eroded by the routine application of general tort principles." *Eastburn v. Regional Fire Protection Authority,* 31 Cal.4th 1175, 1184 (2003).

Here, plaintiff sues the State of California, a public entity, its Attorney General, Rob Bonta, and its Deputy Attorney General, Thomas Ostly. The State's liability can only arise from statute. Plaintiff does not identify any statute, nor any legal theory, in his Complaint that would form the basis for liability against the State in this case. Since Plaintiff fails to state facts and a statutory basis for liability against the State, the Court should grant the motion and dismiss this action.

**IV.    THE STATE OF CALIFORNIA DEFENDANTS ARE IMMUNE FROM LIABILITY.**

Finally, the Court should dismiss this action because the State and its agents are also statutorily immune from liability.

California Government Code Section 821.6[2] provides, "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."

The scope of this immunity is broad. "California courts construe section 821.6 broadly in furtherance of its purpose to protect public employees in the performance of their prosecutorial duties from the threat of harassment through civil suits." *County of Los Angeles v. Superior Court (West),* 181 Cal.App.4th 218 (2009), quoting *Gillan v. City of San Marino*, 147 Cal.App.4th 1033, 1048 (2007). "Section 820.2 provides a more general immunity from liability for acts of public employees in the exercise of discretion vested in them. It follows that if section 821.6 applies, so also does section 820.2." *Id.,* quoting *Ingram v. Flippo*, 74 Cal.App.4th 1280, 1292 (1999). Moreover, under California Government Code section 820.2, "Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." (Gov. Code, § 820.2.).

Attorney General Bonta and Deputy Attorney General Ostly, like Deputy Attorneys General Simon and Mercer before him, prosecuted a judicial proceeding within the scope of their

---

[2] Unless otherwise indicated, all references in this section are to the California Government Code.

employment, exercising the discretion vested in them to petition the Superior Court for an order to show cause to compel Plaintiff's compliance with the investigational subpoena issued and served by the Medical Board. Their actions fall squarely within the immunity conferred by Government Code sections 821.6 and 820.2. Their actions are also protected under California Civil Code section 46, which provides an absolute privilege protecting statements made in the course of judicial proceedings, and precludes the use of such statements as a basis for <u>all</u> tort liability except for malicious prosecution. *Mattco Forge Inc. v. Arthur Young & Co.,* 5 Cal.App.4th 392, 402 (1992); *Jacob B. v. County of Shasta,* 40 Cal.4th 948, 952 (2007). Federal courts have also upheld absolute prosecutorial immunity in similar lawsuits against deputy attorneys general. *See Demery v. Kupperman,* 735 F.2d 1139 (9th Cir. 1984) (dismissing damages claim against deputy attorney general on the basis of absolute prosecutorial immunity); *Yoonessi v. Albany Medical Center,* 352 F.Supp.2d 1096 (C.D. Cal. 2005) (holding deputy attorney general immune from lawsuits for acts committed in discharging litigation-related duties.)

Moreover, Government Code section 815.2, subsection (b), provides that except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability. Since Attorney General Bonta and Deputy Attorney General Ostly are immune from liability for acts incidental to the investigation of Plaintiff by the Medical Board, the State of California is also immune under Government Code section 815.2. Cal. Gov. Code, § 815.2; *Becerra v. County of Santa Cruz,* 68 Cal.App.4th 1450, 1461 (1998); *Ronald S. v. Cty. of San Diego*, 16 Cal. App. 4th 887, 903 (1993).

### CONCLUSION

Since Plaintiff's claims are barred by the doctrine of claim preclusion, Plaintiff failed to properly comply with the California Government Claims Act, Plaintiff fails to plead a statutory basis for liability, and the State of California Defendants are immune from liability, the State of

///

///

California Defendants respectfully request that the Court dismiss the Complaint in its entirety, without leave to amend.

Dated: November 30, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California

/s/ Iveta Ovsepyan

IVETA OVSEPYAN
Supervising Deputy Attorney General
*Attorneys for Defendants State of California, Attorney General Rob Bonta, and Thomas Ostly*

SA2022304523
65594448.docx