UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS VERN HULSTEDT,<br><br>   Plaintiff,<br><br>   v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>   Defendants. | Case No. 22-cv-07439-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS AND REMANDING**<br><br>Re: Dkt. Nos. 8, 12 |

Before the Court are Defendants' motions to dismiss. *See* Dkt. Nos. 8, 12. The Court finds the motions appropriate for disposition without oral argument. *See* Civil L.R. 7-1(b). The Court **GRANTS** the United States' motion, declines to reach the State Defendants' motion, and **REMANDS** to Alameda County Superior Court.

I.  **BACKGROUND**

This case appears to be about a disciplinary action brought by the Medical Board of California against Plaintiff. *See* Dkt. No. 1 ¶ 2. Plaintiff filed this case in small claims court against the State of California, Deputy Attorney General Thomas Ostly, and the United States. Dkt. No. 1-1 at 2, 5, 7. The United States removed to federal court. Dkt. No. 1. Plaintiff's only allegation is that Ostly "refused to abide by his Oath of Office by not providing due process concerning my interest in case no. 800-2021-79497 . . . ." Dkt. No. 1-1 at 5.

II.  **LEGAL STANDARD**

A.  **12(b)(1)**

Federal Rule of Civil Procedure Rule 12(b)(1) allows a party to move to dismiss for lack of subject matter jurisdiction. The plaintiff has the burden to establish that subject matter jurisdiction is proper. *Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000); *see*

*also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) (noting that "[i]t is to be presumed that a cause lies outside . . . [a federal court's] jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction") (citations omitted).  To meet this burden, the pleading party must show "affirmatively and distinctly the existence of whatever is essential to federal jurisdiction." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  Where the plaintiff cannot cure a jurisdictional defect by amendment, the court may dismiss the complaint without leave to amend.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal citations omitted).

### B.    12(b)(6)

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted).  However, even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982). " [P]ro se litigants are bound by the rules of procedure," *Ghazali v.*

*Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a).

## III.   DISCUSSION

### A.   United States

To start, Plaintiff named the "United States *as Guarantor*." *See* Dkt. No. 1-1 at 7. Plaintiff's complaint is devoid of allegations regarding the United States, and there is no authority for the proposition that Plaintiff can sue the United States under a theory that it is responsible for the oaths of California actors, as Plaintiff asserts. *See* Dkt. No. 21 at 3–4.

Regardless, "[t]he United States, as a sovereign, is immune from suit unless it has waived its immunity." *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007). Plaintiff has not established a waiver of sovereign immunity. To the extent he intended to sue for a tort,[1] that must be brought under the Federal Tort Claims Act, a prerequisite of which is administrative exhaustion. *McNeil v. United States*, 508 U.S. 106, 113 (1993). There is no indication that Plaintiff presented any claim to a federal agency that was pending for six months or that he received a written denial. To the extent Plaintiff intended to sue for due process violations, Plaintiff appears to invoke the Tucker Act, which does not apply here.[2] *See* Dkt. No. 1-1 at 18. The Act is purely jurisdictional, and another substantive law must provide the underlying right to collect money damages. *United States v. Testan*, 424 U.S. 392, 398 (1976). Plaintiff references the Fifth Amendment, but "[t]here is no such statute generally waiving sovereign immunity as to money damages arising from a fifth amendment due process violation." *Karahalios v. Def. Language Inst. Foreign Language Ctr. Presidio of Monterey*, 534 F. Supp. 1202, 1212 (N.D. Cal. 1982); *see also United States v. Machinski*, No. 11-CV-01118-LB, 2016 WL 1640375, at *4 (N.D. Cal. Apr. 26, 2016) ("[C]ourts have found that the Fifth Amendment's

---

[1] Plaintiff states in his response that he is not bringing a contract case and intended to sue under "torts" or "civil rights." *See* Dkt. No. 22 at 4–5.

[2] The Tucker Act grants district courts jurisdiction, concurrent with the Court of Federal Claims, over any "civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress . . . or for liquidated or unliquidated damages in cases not sounding in tort[.]" 28 U.S.C. § 1346(a)(2).

3

Due Process Clause does not mandate damages and no statute generally waives sovereign immunity for these claims.").

Thus, the Court **DISMISSES** the United States without leave to amend, as the Court finds amendment would be futile. Plaintiff has already filed a "cured" statement of the claim that confirms Plaintiff's case is based entirely on an allegation that a state actor perjured his oath of office in a Medical Board proceeding. *See* Dkt. No. 36 at 3. In numerous other filings,[3] there is no indication that the United States played any role in Plaintiff's case, and Plaintiff has confirmed he is suing the United States only "as guarantor."[4] *See e.g.*, Dkt. No. 21 at 2–3.

### B.   State Defendants

This case was removed under 28 U.S.C. § 1442(a)(1) because the United States was named as a defendant. *See* Dkt. No. 1 ¶ 4. The State Defendants request that the Court exercise pendent jurisdiction and address their motion to dismiss. *See* Dkt. No. 12 at 5.[5] Again, Plaintiff's only allegation is that Ostly perjured his oath of office in a Medical Board proceeding. *See* Dkt. No. 1-1 at 5; *see also* Dkt. No. 36 at 3. To the extent Plaintiff intended to sue for fraud, that is a state law claim. Although Plaintiff's complaint fleetingly references due process, the attachments reference the California constitution and California statutes.[6] *See* Dkt. No. 1-1 at 15–16. And the State Defendants' arguments in favor of dismissal all concern state law, which this Court is not inclined to resolve. *See* Dkt. No. 12. The Court thus exercises its discretion to decline pendent jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) ("We conclude that a district court has discretion to remand to state court a removed case involving pendent claims upon

---

[3] Plaintiff has filed numerous documents and motions in this case that have no basis in the rules or governing law, leading the Court to issue an order prohibiting further filings. *See, e.g.*, Dkt. Nos. 21, 27–28, 32–37, 41.

[4] Plaintiff requests that sanctions be imposed against the United States' attorneys, apparently for failing to provide their middle names and for using "United States" instead of "United States of America." *See* Dkt. Nos. 21, 22. These arguments are frivolous and Plaintiff's request is **DENIED**.

[6] Plaintiff also listed a series of federal criminal codes in an "invoice" sent to Defendants. *See* Dkt. No. 1-1 at 11. This does not create a federal question, and these criminal statutes "provide no basis for civil liability." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Brown v. California*, No. 18-CV-07826-EMC, 2019 WL 2476603, at *3 (N.D. Cal. June 13, 2019) (noting there is no private cause of action for perjury).

4

a proper determination that retaining jurisdiction over the case would be inappropriate."); *see also M.S. by Nilo v. United States*, No. 1:19-CV-00728-SKO, 2020 WL 1234554, at *5 (E.D. Cal. Mar. 13, 2020) (dismissing the United States and remanding non-federal defendants to state court).

## IV. CONCLUSION

The Court **GRANTS** the United States' motion to dismiss and declines to exercise pendent jurisdiction over the claims against the State Defendants. Dkt. No. 8. The Clerk is directed to enter judgment in favor of Defendant United States, **REMAND** the case to Alameda County Superior Court, and close the case.

**IT IS SO ORDERED.**

Dated: May 19, 2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

5